IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01129-PSF-MEH

HECTOR HUGO MARTINEZ-JIMENEZ,

    Applicant,

v.

C.D.O.C. MR. MILYARD, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.
_____

## RECOMMENDATION FOR DISMISSAL
_____

    Applicant has pending before this Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") (Docket #3).  Respondents have filed their Answer (Docket #20), together with certain documents from the state appellate proceedings appended as exhibits.  Applicant has not submitted a traverse in this regard.  Under the provisions of 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, this matter has been referred to me for Recommendation on dispositive matters and for ruling on nondispositive matters. Based on the record contained herein, I **recommend** that the Application be denied and that this matter be dismissed, with prejudice.

    The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those

findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**FACTS**

Applicant is a state prisoner in Colorado, and he has filed a *pro se* Application challenging his 2000 state court conviction in the Adams County District Court. Applicant alleges that he pled guilty to vehicular assault in that court and was sentenced to the maximum twelve year aggravated range. The trial court in Applicant's case had based his sentence, in part, on the fact that prior to the time of his plea of guilty, Applicant had been convicted of the misdemeanor offense of driving under the influence. In the Application, the Applicant appears to assert only one claim for relief. He argues that the prior conviction exception under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is a very narrow exception and applies to prior felonies but not to prior misdemeanors. Applicant contends that his sentence violates his constitutional rights as announced in *Apprendi*.

In their Answer, the Respondents generally deny all of the Applicant's allegations, but

concede that the Applicant has exhausted his state court remedies with regard to a claim that aggravated range sentences may only be based on prior felony convictions and not on prior misdemeanor convictions. Respondents argue that the claim lacks merit, and that the Application should therefore be dismissed. Specifically, the Respondents contend that the Applicant is not entitled to relief as a matter of federal habeas law because the determinations of the state trial court and court of appeals that aggravated range sentences may be based on prior misdemeanor convictions neither contradicts nor are inherently unreasonable applications of United States Supreme Court case law.

Applicant proceeds in this action *pro se*. As a *pro se* litigant, Applicant's filings are entitled to liberal construction by this Court. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## DISCUSSION

**I.   Standard of Review.**

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "When a federal district court reviews a state prisoner's habeas [application] pursuant to 28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.' The court does not review a judgment, but the lawfulness of the [applicant's] custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The exhaustion of state remedies requirement in federal habeas cases dictates that a

state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).   Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals which was the final substantive proceedings in the state appellate review process.

The Antiterrorism and Effective Death Penalty Act  ("AEDPA") applies to all federal habeas applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred.  *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999).  Under AEDPA, an applicant is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see, also, Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000).

As the Supreme Court recently stated:

> A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result.  A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*,  544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it

does not even require awareness of [those] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). So, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference. *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the applicant having the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied. *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002). Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. *O'Neal* addresses the situation where a court is in "grave doubt" about the likely effect of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435. In such a case, *O'Neal* instructs a court to treat the error "as if it had a substantial and injurious

effect or influence in determining the jury's verdict." *Id.* (quoting Brecht, 507 U.S. at 623).

**II.   Discussion.**

Applicant's sole argument before this Court, as best it can be discerned from his Application, is that his sentence violates the rule established in *Apprendi*. In his briefing on state postconviction appeal to the Colorado Court of Appeals, the Applicant did raise this claim as a two-part argument: (1) that his aggravated sentence was based on judicial findings of fact that had not been admitted by him or proved to a jury beyond a reasonable doubt, and (2) that there is not an exception to the *Apprendi* rule for a prior misdemeanor charge. *See* ANSWER TO ORDER, Docket #20, Exh. B, pp. 1, 4-9. The judicial facts found by the trial court to which the Applicant took issue under *Apprendi* were the following:

> I find, if I need to, that there are extraordinary aggravating circumstances. I find this beyond any doubt whatsoever, because of the horrible consequences of this crime, the injuries, the life-long injuries to [the victim], the fact that [the Applicant] had a prior driving under the influence charge, not one year earlier. He was driving on this date with a revoked license. He had no insurance. He was involved in another accident that he was fleeing from at the time that this crime was committed.

*Id*. at Exh. B, p. 2 (footnotes omitted).

However, in his Petition for Writ of Certiorari to the Colorado Supreme Court, the Applicant only raised the issue of whether under the rule stated in *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), a sentencing court can utilize a prior misdemeanor conviction to aggravate a sentence. *Id*. at Exh. F, pp. 1, 3-4. By not including both of the arguments under his *Apprendi* claim that he raised in the Colorado Court of Appeals in his certiorari petition, the Applicant effectively abandoned the first argument and it would not properly be brought before

6

this Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the state courts one full opportunity to resolve any constitutional issues, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."). Therefore, analysis of the Applicant's claim on federal habeas review proceeds solely under the argument that there is not an exception to the *Apprendi* rule for a prior misdemeanor charge.

The applicability and continued vitality of Supreme Court precedent is a pure question of law. *See, e.g., United States v. Barbosa*, 271 F.3d 438, 452 (3rd Cir. 2001); *United States v. Rogers*, 228 F.3d 1318, 1321 (11th Cir. 2000), *abrogated on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001). Therefore, the Application can be granted in this case only if the adjudication of the Applicant's sole claim before this Court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Because the claim raised by the Applicant is purely a question of law, there is no basis for analysis of whether the state court's decision was an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(2).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The prior conviction exception was based on the Court's earlier decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Although the *Apprendi* majority stated that "it is arguable that *Almendarez-Torres* was incorrectly decided," the Court did not

overrule *Almendarez-Torres*. Subsequently, the Tenth Circuit Court of Appeals acknowledged that, despite criticism of *Almendarez-Torres*, "[i]f a precedent of [the Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions." *United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000), *cert. denied*, 532 U.S. 986 (2001) (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).

Analyzing the Applicant's claim, the state appellate court affirmed the trial court's denial of relief on the following basis:

> While this appeal was pending, the supreme court announced its decision in Lopez v. People, 113 P.3d 713 (Colo. 2005). In Lopez, the court held that, under Apprendi and Blakely, a trial court can constitutionally impose a discretionary aggravated range sentence under § 18-1.3-401(6), based on a defendant's prior conviction(s).
>
> Under Lopez, defendant's prior conviction constitutes a "Blakely-exempt" sentencing consideration falling within the prior conviction exception. Thus, because this factor alone sufficiently supports the trial court's decision to impose an aggravated range sentence, we conclude defendant's sentence is constitutional. . . .

*See* ANSWER TO ORDER, Docket #20, Exh. E.

Although referencing *Lopez* and *Blakely* [1], the Colorado Court of Appeals applied the same basic substantive test in its analysis that this Court would apply to determine whether there

---

[1] Applicant's conviction became final on approximately July 2, 2002, ninety days after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal. *See Locke v. Saffle*, 237 F.3d 1269, 1272-73 (10th Cir. 2001). Contrary to Colorado state law, Tenth Circuit law establishes that the Supreme Court's decision in *Blakely* does not apply retroactively on federal collateral review to convictions that were already final at the time the Court announced its ruling in *Blakely* in June, 2004. *Compare United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) and *People v. Johnson*, 142 P.3d 722 (Colo. 2006).

8

has been an *Apprendi* violation, i.e., whether the Applicant's prior misdemeanor conviction constitutes a sentencing consideration falling within the prior conviction exception. Therefore, deferral to its ruling is warranted unless it "unreasonably appli[ed]" that test.  28 U.S.C. § 2254(d); *see Harris*, 411 F.3d at 1196 (if a state standard is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference).

In this case, the test was not unreasonably applied because nothing in the record demonstrates that the state appellate court reached a different result based on facts that were materially indistinguishable from a decision of the Supreme Court, nor did it apply the Supreme Court's precedents to the facts in an objectively unreasonable manner.  The court evaluated the totality of the evidence before it, to include the briefing and arguments presented by the parties, and weighed the factors according to the prevailing standard.  Additionally, Applicant fails to identify any decision of the United States Supreme Court which holds, based on facts similar to those of the Applicant, that the prior conviction exception of *Apprendi* is limited to felony convictions.  Accordingly, review in this Court of Applicant's claim under the standard of 28 U.S.C. § 2254(d)(1) is not warranted, and relief cannot be granted.

**III.   Conclusion.**

In viewing the merits of the Applicant's claim, Applicant is not entitled to relief in this Court under 28 U.S.C. § 2254.  Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing is required.

Based upon the foregoing analysis, and the entire record herein, I hereby **recommend** that the Application [Filed June 13, 2006; Docket #3] be **denied**, and that this case be dismissed with prejudice.

Dated at Denver, Colorado, this 26th day of October, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge