IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01129-PSF-MEH

HECTOR HUGO MARTINEZ-JIMENEZ,

    Applicant,

v.

C.D.O.C. MR. MILYARD, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.
_____

## RECOMMENDATION FOR DENIAL OF REQUEST TO AMEND APPLICATION
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Under the provisions of 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, this matter has been referred to me for Recommendation on dispositive matters and for ruling on nondispositive matters.  Based on the record contained herein, I **recommend** that Applicant's filing of November 15, 2006 (Docket #39), be construed as a request to amend his habeas Application and that the request be denied.

    The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party

from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## FACTS

By Minute Order, filed on October 10, 2006, this Court denied as moot Applicant's request for *in forma pauperis* status and, based upon forms presenting an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") which were attached to the *in forma pauperis* motion, notified the Applicant that he must specify to the Court if he was seeking to amend the Application already pending in this case or if he was trying to file a new Application (Docket #34). By a filing submitted on November 15, 2006, the Applicant indicates that "new application not new case same case 06-cv-01129-PSF" (Docket #39). Applicant proceeds in this action *pro se*. As a *pro se* litigant, Applicant's filings are entitled to liberal construction by this Court. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Accordingly, the Applicant's filing should be construed as a request to amend his Application in this matter.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be

granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available remedies. *See Miranda v. Cooper*, 967 F.2d 392, 298 (10th Cir. 1992). Applicant's filing of November 15, 2006, contains no information concerning whether the claims he seeks to add in this matter have been exhausted through the state courts or that adequate state remedies are unavailable or ineffective to protect his rights.

Additionally, errors of state law do not provide grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Applicant references "abuse," "misconduct," and "false" several times in his current filing, which coincides with notations made on the documents attached to his originally filed Application which concern his direct appeal following sentencing. *See* APPLICATION, Docket #3, p. 18. It appears, however, that only errors of state law were raised on direct appeal. The Applicant must present a claim that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). As previously analyzed in the Recommendation for Dismissal currently pending in this case, the only federally based issue properly raised and exhausted by the Applicant was whether under the rule

stated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), a sentencing court can utilize a prior misdemeanor conviction to aggravate a sentence. *See* RECOMMENDATION FOR DISMISSAL, Docket #35. Therefore, the record in this matter does not support a finding that any additional claims have been exhausted by the Applicant.

Finally, the Applicant pled guilty in the state case against him. *See* APPLICATION, Docket #3, p. 2. "[A] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilty and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A guilty plea forecloses any opportunity to reopen the factual basis upon which convictions rest. *Id*. at 571; *see, also, Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (When a criminal defendant has solemnly admitted in open court that he is in fact guilty . . . , he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Since Applicant pled guilty, he can only attack the voluntary and intelligent nature of his plea in post-conviction proceedings, *Henderson*, 411 U.S at 266, or present a claim attacking the jurisdiction of the court in which he was tried, *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974). Applicant appears to be challenging the facts upon which his conviction is based, and other actions in his state case prior to his plea of guilty. Such allegations are foreclosed by the Applicant's guilty plea, and not proper for consideration on federal habeas review.

## **CONCLUSION**

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that Applicant's filing of November 15, 2006 [Filed November 15, 2006; Docket #39] be construed as a request to amend his Application, and be denied.

Dated at Denver, Colorado, this 6th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge