IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01129-PSF-MEH

HECTOR HUGO MARTINEZ JIMENEZ,

        Applicant,

v.

C.D.O.C. MR. MILYARD, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

        Respondents.

**ORDER ON MAGISTRATE RECOMMENDATIONS DATED
OCTOBER 26, 2006 AND DECEMBER 6, 2006**

        This matter comes before this Court on the first Recommendation of the Magistrate Judge entered October 26, 2006 (Dkt. # 35), recommending dismissal of plaintiff's habeas corpus petition, and the second Recommendation of the Magistrate Judge entered December 6, 2006 (Dkt. # 42) recommending denial of plaintiff's motion to amend his habeas corpus application (Dkt. # 39).  Plaintiff filed his Objection to the first Recommendation on November 3, 2006 (Dkt. # 36).  Moore than 20 days have elapsed and plaintiff has not filed an objection to the second Recommendation of the Magistrate Judge.  Plaintiff filed a handwritten document and attachment on December 19, 2006 (Dkt. # 44), but that document, although difficult to understand, does not appear to be an objection to the second Recommendation.  Accordingly, this matter is ripe for determination.

**BACKGROUND**

Plaintiff Hector Hugo Martinez-Jimenez, a state prisoner, pled guilty to vehicular assault in the Adams County District Court.  On September 20, 2000, the district court judge sentenced him to 12 years custody of the Department of Corrections, within the maximum aggravated range but beyond the presumptive range for the offense of which he was found guilty.  In imposing the sentence the district court judge stated:

> I find, if I need to, that there are extraordinary aggravating circumstances.  I find this beyond any doubt whatsoever, because of the horrible consequences of this crime, the injuries, the lifelong injuries to [the victim], the fact that [the plaintiff] had a prior driving under the influence charge, not one year earlier.  He was driving on this date with a revoked license.  He had no insurance.  He was involved in another accident that he was fleeing from at the time that this crime was committed.

Exhibit B to Answer to Petition (Dkt. # 20) at 2.

As the Magistrate Judge correctly found, after plaintiff was denied post-conviction relief from his sentence he appealed to the Colorado Court of Appeals making two related arguments.  First, he argued that the trial court erroneously based the aggravated sentence on judicial facts, namely those set forth above, that had not been admitted by plaintiff or proved to a jury beyond a reasonable doubt, in violation of the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Second, the plaintiff argued that to the extent the trial court considered what it described as his "prior driving under the influence charge, not one year earlier," which in fact was a conviction for driving under the influence, a misdemeanor in Colorado, the trial court

2

violated the rule of *Apprendi* because, plaintiff urged, the prior conviction exception of that decision only applied to prior convictions for felonies, not misdemeanors.

The Colorado Court of Appeals denied plaintiff's appeal on October 13, 2005 holding that the prior conviction exception of *Apprendi*, as interpreted by the Colorado Supreme Court in *Lopez v. People*, 113 P.3d 713 (Colo. 2005), *cert. denied* 126 S.Ct. 654 (2005), was not limited to misdemeanors (*see* Exhibit E to Answer (Dkt. 20) at 2-3), and that because this prior conviction alone sufficiently supported the trial court's decision to impose an aggravated range sentence, it need not consider the other factors on which the trial court relied. *Id.* at 4.

In his petition for *certiorari* to the Colorado Supreme Court, the plaintiff only raised the issue of whether the sentencing court could rely on the prior misdemeanor conviction to impose a discretionary aggravated range sentence. *See* Exhibit F to Answer (Dkt. # 20), at 3. The Colorado Supreme Court denied plaintiff's *certiorari* petition on May 22, 2006. *See* Exhibit G to Answer (Dkt. # 20), at 2. Plaintiff timely filed his *pro se habeas corpus* petition in this Court on June 6, 2006 (Dkt. # 3).

**THE MAGISTRATE JUDGE'S FIRST RECOMMENDATION AND PLAINTIFF'S OBJECTION**

The Magistrate Judge first found that to the extent plaintiff seeks here to challenge the trial court's sentence enhancement because it was based on factors that had not been admitted by him or proved to a jury beyond a reasonable doubt, he waived that claim by failing to exhaust his remedies in state court. By failing to raise that issue in his *certiorari* petition to the Colorado Supreme Court, he failed to fairly

present his claim in each appropriate state court, including a state supreme court with powers of discretionary review. Therefore, the Magistrate Judge found he failed to alert that court to the federal nature of the claim and thereby waived it for purposes of *habeas* review (Recommendation at 7-8). Accordingly, the Magistrate Judge confined his analysis of plaintiff's *habeas* petition solely to the argument that the prior conviction exception to the *Apprendi* rule does not apply to a prior misdemeanor conviction.

In his Objection to this Court, the plaintiff does not challenge the finding of waiver by the Magistrate Judge. Indeed, his Objection to this Court plaintiff states only that his argument on the issue of whether "a prior misdemeanor can be used to aggravate a sentence" is best put forward in his *certiorari* petition to the Colorado Supreme Court, a copy of which he inserted into his Objection (*See* Dkt. # 36 at 2-10).

**ANALYSIS**

This Court accepts the finding in the first Recommendation of the Magistrate Judge that review of plaintiff's *habeas* petition here is limited to the one issue he raised in his *certiorari* petition, and alleged again in his *habeas* petition.

In analyzing the substance of plaintiff's one claim, the Magistrate Judge correctly started from the proposition that plaintiff is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1)-(2). The issue of whether the *Apprendi* prior conviction exception

included misdemeanor convictions is a question of law, not involving any determination of the facts in light of the evidence presented. Plaintiff does not argue here, nor did he argue before the Colorado Court of Appeals, that the fact of a prior conviction for driving under the influence, on which the sentencing judge relied, was a matter of factual dispute.[1]

Thus, the Magistrate Judge was correct in stating that the petition here can be granted only if the adjudication of the plaintiff's claim in the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States (Recommendation at 7).

The Magistrate Judge found that the Colorado Court of Appeals, in following *Lopez v. People*, and in its interpretation of *Apprendi* to include within the prior conviction exception a prior conviction for a misdemeanor, did not reach a result contrary to or involving an unreasonable application federal law. As the Magistrate Judge stated, there is no federal case cited by plaintiff which limits the *Apprendi* prior conviction exception to prior felonies and precludes its application to prior misdemeanor convictions. Thus, there is no basis to state that the Colorado Court of Appeals unreasonably applied the Supreme Court precedents to plaintiff's case

---

[1] This Court notes that in plaintiff's direct appeal of his sentence he appears to have claimed that the prior charge for driving under the influence occurred much earlier than as stated by the sentencing judge. *See* Exhibit B to Answer (Dkt. 20) at 2. However, he apparently did not raise that claim in the appeal of his post-conviction motion, or in his *certiorari* petition, so that any such factual issue would also be waived at this stage of the proceedings.

(Recommendation at 8-9).  Accordingly, the Magistrate Judge correctly concluded that plaintiff is not entitled to habeas corpus relief under 28 U.S.C. § 2254.

In his Objection to this Court plaintiff argues that the decision in *Shepherd v. United States*, 544 U.S. 13 (2005) stands for the proposition that the "prior conviction exception [of *Apprendi*] is no longer viable" and that the "new rule established" by *Shepherd* should be applied to his case.  Objection at 11.  Plaintiff misconstrues the holding in *Shepherd*.[2]  The opinion in that case addresses only the narrow issue of the circumstances under which a defendant's prior conviction for burglary can be used as a predicate to enhance a sentence under the federal statute known as the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Nothing in the *Shepherd* opinion purports to state that *Apprendi* is no longer viable, or that a prior conviction or guilty plea can not be used to enhance a sentence.  Moreover, there is no discussion in *Shepherd* differentiating between a prior felony conviction and a prior misdemeanor conviction, the only distinction that would be relevant to plaintiff's argument for *habeas* relief.  The Court thus finds there is no basis for granting the *habeas* relief requested by plaintiff.

**THE MAGISTRATE JUDGE'S SECOND RECOMMENDATION**

In a handwritten filing made on November 15, 2006 (Dkt. # 39), plaintiff appears to have moved to amend his habeas petition to assert other grounds for habeas relief.

---

[2] Plaintiff's Objection does not provide a page reference to the *Shepherd* decision where this proposition is supposedly found.  However, the Court notes that a similar argument appears in the *certiorari* petition contained within the Objection (*see* Objection at 5, 8).  The citation there, however, is to the concurring opinion of Justice Thomas, not the majority opinion of the Court.

In his Recommendation of December 6, 2006, while plaintiff's *habeas* petition was still pending, the Magistrate Judge recommended denial of this request, as there is no showing that plaintiff exhausted these claims in state court.  As the Court has now decided to dismiss plaintiff's *habeas* petition, his request to amend the same is also moot.  Accordingly, his motion to amend the petition is denied.

**CONCLUSION**

The Recommendations of the Magistrate Judge (Dkt. ## 35 and 42) are accepted and plaintiff's petition for writ of *habeas corpus* (Dkt. # 3) is DENIED.

Plaintiff's Motion to Amend his petition (Dkt. # 39) is DENIED.

The Clerk of the Court is directed to TERMINATE this case.

DATED:  December 28, 2006

BY THE COURT:

*s/ Marcia S. Krieger for*
_____
Phillip S. Figa
United States District Judge